IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-07-CR-179 LY |
| § | |
| TIMOTHY BRIAN SMITH § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on May 10, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On April 17, 2002, the Defendant was sentenced by Judge Richard Voorhees of the Western District of North Carolina to concurrent sentences of 64 months of imprisonment and three years of supervised release, on fours counts relating to bank robbery (two each of bank robbery by force and violence, and taking and carrying away money with intent to steal from a bank), in violation of 18 U.S.C. §§ 2113(a) and (b). The Defendant's supervision commenced on April 20, 2006.

The Defendant's supervision proceeded well for the first year. In April and May 2007, however, the Defendant failed to report, and while the Probation Office had contact with the

Defendant in June 2007, he again failed to report in June. The last contact the Probation Office had with the Defendant was on July 27, 2007, when the officer spoke to the Defendant by phone. The Defendant stated that he had failed to report as directed because he did not want to admit that he had been fired (something the officer had learned when he phoned the employer earlier in July). After this conversation the Defendant failed to report and essentially absconded from supervision. Based on this, on September 17, 2007, a warrant was issued for the Defendant's arrest. On April 30, 2010, the U.S. Clerk's office in Austin received a cashiers check from the Defendant as payment toward his outstanding restitution balance. The clerk processing the check noticed that there was an outstanding warrant for the Defendant, and also noticed that the check contained the Defendant's address. As a result of this information being made known to the U.S. Marshal's office, the Defendant was arrested at his residence in Kingsland, Texas on May 4, 2010.

On May 10, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant did not contest the violation alleged against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by failing to report as directed for the period from April 2007 to April 2009.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that on each of Counts 1 through 4, the

Defendant be sentenced to 5 months of imprisonment, with 24 months of supervised release to follow, with all sentences to run concurrent with each other.  The Court FURTHER RECOMMENDS that the following special conditions of supervision be imposed:

1. The Defendant shall pay the remaining balance of his restitution ($4,343.00) at the rate of no less than $100 per month, to commence 30 days after his release from imprisonment.

2. The Defendant shall provide access to any personal or business financial information as requested by the probation office.

3. The Defendant shall not acquire any new line of credit unless authorized to do so in advance by the probation officer.

## IV. OBJECTIONS

In writing, following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE